## ALBURY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1926.)

No. 4543.

Conspiracy ⬯47.

Evidence *held* to sustain conviction of conspiracy to possess and transport liquor, though defendant was acquitted of the substantive offenses.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against H. M. Albury. Judgment of conviction, and defendant brings error. Affirmed.

Bart. A. Riley, of Miami, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., N. J. Morrison, Sp. Asst. Atty. Gen., and Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla. (H. R. Gamble, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. An indictment was returned against plaintiff in error and one J. H. Blackwell, in four counts. The first charged a conspiracy to possess certain intoxicating liquor, and the second a conspiracy to transport it. The overt act alleged in each of these counts was the transportation by both of the defendants of the said liquor from a place unknown to a place near the foot of Twenty-Eighth street, Miami,

Fla.; the only difference in the overt acts alleged being that, in the second count, the transportation was alleged to have been in a certain vessel named the Dauntless. The third count charged both defendants with the substantive crime of unlawful possession of intoxicating liquor, and the fourth count with the substantive crime of unlawful transportation of same.

Plaintiff in error was convicted on the first two counts, charging conspiracy, and was given a single sentence of imprisonment of a year and a day. All the errors alleged, so far as they have any efficacy at all, run to the overruling of a motion for a directed verdict.

It is argued very earnestly that, since the jury acquitted plaintiff in error on the two counts charging the substantive crimes, it is inconsistent that he should have been convicted under the conspiracy counts, and further that the evidence is insufficient to show the conspiracy. With this we cannot agree. The evidence shows conclusively that Albury was the owner of the Dauntless. She was seized a few yards out in the stream from what is known as the fill at the foot of Twenty-Eighth street in the city of Miami, Fla., and a load of intoxicating liquor fit for beverage purposes was found on board of her. Blackwell, the codefendant, was also on board, evidently in charge of the boat. Prior to her arrival at the point above designated, Albury was found hiding in the bushes by some local police officers. He was arrested by them because of an acrimonious dispute, and taken to the local jail. A short time afterwards the same officers returned to the point, and found Albury there again, he having secured his release on bail.

There is some testimony tending to show that he endeavored to go out to the Dauntless in a skiff that was at the landing. There is some dispute as to this, but, notwithstanding it, the jury could clearly have found that he was at the point where arrested for the purpose of meeting the boat and assisting in the disposal of the liquor. As against this there was his own testimony that he had nothing to do with it, and the fact that a short time before he had notified the Coast Guard that his boat had been stolen. This latter was, of course, a self-serving declaration, that the jury, after having seen and heard the witnesses, especially the defendant, could have disregarded, as well as his denial of any connection with the case.

It was entirely consistent for the jury to have found that the conspiracy was established, that Blackwell had committed the overt act, and that Albury was not guilty of the substantive offenses of transportation and possession. We find no error in the record.

Affirmed.